**Francisco Javier NANEZ ZAPIEN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72347, A74–432–810.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 20, 2004.

Francisco Javier Nanez Zapien, El Monte, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Robbin K. Blaya, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

MEMORANDUM**

Francisco Javier Nanez Zapien, native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reconsider. Because the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review the denial of a motion to reconsider for abuse of discretion. *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002). We deny the petition for review.

The BIA did not abuse its discretion in denying petitioner's second motion to reopen according to the numerical limitations established by 8 C.F.R. § 1003.2(b)(2). *See id.*

We lack jurisdiction to consider petitioner's challenge to the BIA's November 12, 2002 denial of his original motion to reconsider, because the petition for review is not timely as to that order. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir.1996).

Petitioner's remaining contentions lack merit.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.